IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 17-00417 MCF |
| CARLOS ALBERTO PEDRAZA CARATTINI | * | CHAPTER 13 |
| IRIS NEREIDA MENDEZ RIVERA | * | |
| DEBTORS | | |

**DEBTORS' MOTION AND NOTICE OF FILING OF POST-CONFIRMATION
MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329**

**TO THE HONORABLE COURT:**

COME NOW, **CARLOS ALBERTO PEDRAZA CARATTINI and IRIS NEREIDA MENDEZ RIVERA**, the Debtors in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. The DEBTORS are hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated December 15, 2017, herewith and attached to this motion.

2. This Plan modification is filed to **provide for payment in full (100%) of secured claims Empresas Berrios and FIrstBank PR under Section 3.2 of the proposed modified Plan**, pursuant to _Trustee's Unfavorable Report on Post Confirmation Modified Plan Dated 12/8/2017_ (Docket No. 30), in the above captioned case.

**NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)**

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may

Page -2-
Post Confirmation Modification 11 USC 1329
Case no. 17-00417 MCF13

be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the debtor and to all creditors and interested parties appearing in the master address list, hereby attached.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 15th day of December, 2017.

/s/*Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR PETITIONERS
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 FAX 787-746-5294
Email: rfigueroa@rfclawpr.com

**UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico, San Juan Division**

| | |
|---|---|
| In Re<br>**PEDRAZA CARATTINI, CARLOS ALBERTO & MENDEZ RIVERA, IRIS NEREIDA**<br><br>XXX-XX-**0109**<br><br>XXX-XX-**4018**<br><br>**Puerto Rico Local Form**<br><br>**Chapter 13 Plan dated 12/15/2017** | Case No: **3:17-bk-417**<br><br>Chapter 13<br><br>[ ] Check if this is a pre-confirmation amended plan.<br><br>[X] Check if this is a post confirmation amended plan<br>Proposed by:<br>    [X] Debtor(s)<br>    [ ] Trustee<br>    [ ] Unsecured creditor(s)<br><br>[X] If this is an amended plan, list below the sections of the plan that have been changed.<br>**Part 2.1** |

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

The following matters may be of particular importance. **Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

**If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim:** (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [X] Included | [ ] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 200.00 | 7 | 1,400.00 | |
| 0.00 | 2 | 0.00 | |
| 200.00 | 3 | 600.00 | |
| 625.00 | 48 | 30,000.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[X] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[ ] None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

[X] The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of Secured Claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

*Puerto Rico Local Form    Chapter 13 Plan Page 2*

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| Empresas Berrios Inc | 460.56 | Household Goods and Furnishings | 600.00 | 0.00 | 460.56 | 0.00% | 10.97 | 460.56 |
| Firstbank Puerto Rico | 22,230.21 | 2012 Toyota Tacoma | 9,638.00 | 0.00 | 22,230.21 | 0.00% | 529.29 | 22,230.21 |

*Insert additional lines as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

   3.4 **Lien Avoidance.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

   *Check one.*
   [ ] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

   [X] The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Coop A/C San Jose | Shares and deposits |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

   [X] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| FirstBank PR | $100.00 | Trustee to pay APMP until confirmation. |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

### 4.3 Attorney's fees

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 112.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 2,888.00 |
| If this is a post-confirmation amended plan, estimated attorney 's fees: | $ 350.00 |

### 4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### 4.6 Post confirmation property insurance coverage

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

[X] The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| Coop A/C San Jose | NONE. | | 0.00 | 0.00 |
| Empresas Berrios Inc | NONE. | | Disbursed by: [ ] Trustee [ ] Debtor(s) 0.00 | 0.00 |
| Firstbank Puerto Rico | Eastern America Insurnce Co. | 01/20/2020 | Disbursed by: [ ] Trustee [ ] Debtor(s) 756.00 Disbursed by: [X] Trustee | 0.00 |

*Puerto Rico Local Form   Chapter 13 Plan  Page 4*

[ ] Debtor(s)

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)

3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1** Check "None" or list the nonstandard plan provisions

[ ] None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.
* Debtors propose to pay adequate protection payments to FirstBank (POC#01) in the sum of $100.00 per month until confirmation.
* After confirmation, Trustee to make concurrent and simultaneous equal monthly payments of $90.00 to FirstBank (POC #01) with attorneys fees until attorney fees are paid in full. After attorneys fees are paid in full, FIrstBank to be paid ahead of any other secured creditor(s).
* Debtor to provide car insurance through the Trustee, upon loan maturity, to First Bank (POC #01).
* Additional Attorney's Fees: $350.00 payment for the services rendered in connection to Debtors' PCM 12/01/2017 and related procedures for approval, pursuant to Rule 2016(f)(3).

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/ Roberto Figueroa-Carrasquillo                              Date **December 15, 2017**
Signature of attorney of Debtor(s)

/s/ CARLOS   ALBERTO PEDRAZA CARATTINI                         Date **December 15, 2017**

/s/ IRIS NEREIDA MENDEZ RIVERA                                 Date **December 15, 2017**
Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing        COOP A/C SAN JOSE                     FIRSTBANK PR
0104-3                                 JOSE A SANTINI BONILLA ESQ            PO BOX 9146
Case 17-00417-MCF13                    PO BOX 552                            SAN JUAN, PR 00908-0146
District of Puerto Rico                AIBONITO, PR 00705-0552
Old San Juan
Fri Dec 15 13:59:54 AST 2017

US Bankruptcy Court District of P.R.   Coop A/C San Jose                    DEPARTMENT OF TREASURY
Jose V Toledo Fed Bldg & US Courthouse PO Box 2020                          BANKRUPTCY SECTION 424 B
300 Recinto Sur Street, Room 109       Aibonito, PR  00705-2020             PO BOX 9024140
San Juan, PR 00901-1964                                                     SAN JUAN, PR 00902-4140


EMP. BERRIOS INC.                      FIRST BANK                           Syncb/Walmart
PO BOX 674                             COSUMER SERVICE CENTER               PO Box 965024
CIDRA, PR 00739-0674                   BANKRUPTCY DIVISION -CODE 248        Orlando, FL  32896-5024
                                       PO BOX 9146, SAN JUAN PR 00908-0146


ALEJANDRO OLIVERAS RIVERA              CARLOS ALBERTO PEDRAZA CARATTINI     IRIS NEREIDA MENDEZ RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS     VILLA CRIOLLOS I 17 CALLE PINA       VILLA CRIOLLOS I 17 CALLE PINA
PO BOX 9024062                         CAGUAS, PR 00725                     CAGUAS, PR 00725
SAN JUAN, PR 00902-4062


MONSITA LECAROZ ARRIBAS                ROBERTO FIGUEROA CARRASQUILLO        End of Label Matrix
OFFICE OF THE US TRUSTEE (UST)         PO BOX 186                           Mailable recipients    13
OCHOA BUILDING                         CAGUAS, PR 00726-0186                Bypassed recipients     0
500 TANCA STREET  SUITE 301                                                 Total                  13
SAN JUAN, PR 00901
```